UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS D. BENNETT, | ) | |
| | ) | Case No. 24 CV 03829 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ROBINHOOD FINANCIAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANUM OPINION AND ORDER**

Plaintiff Douglas D. Bennett filed this action against Robinson Financial LLC ("Defendant"). Before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, compel arbitration. For the following reasons, the Court grants Defendant's motion [20] for lack of subject matter jurisdiction.

**I.  Background**

Plaintiff brings a *pro se* complaint against Defendant for breach of contract pursuant to 42 U.S.C. § 1981(a), gross negligence, and violation of the Illinois Unfair and Deceptive Trade Practices Act, 815 ILCS 511/10 *et seq*. The complaint alleges that Plaintiff has been a customer of Robinhood since on or about January 11, 2022. (Dkt. 1 at *3.) On January 23, 2023, an agent from Robinhood informed Plaintiff that "Robinhood no longer wanted [him] to use their platform[.]" (*Id.*) At the time, Plaintiff had $15,000 in his Robinhood account. The complaint alleges that Robinhood "paid everything out except $3500.00 which the plaintiff hasn't received a check nor payment as of today." (*Id.*)

The complaint also alleges that on April 9, 2024, Plaintiff received an "unsolicited commercial electronic text message inviting him to sign up for Defendant's online brokerage services" (*id.* at *5), and that Plaintiff received a "refer-a-friend text message while plaintiff was a Washington resident."

(*Id.* at *2.) In connection with these allegations, Plaintiff "brings this action … against Robinhood's illegal spam texts," seeking "an injunction to end these practices, an award [of] statutory and exemplary damages for each illegal text, and an award of attorney's fees and cost." (*Id.*)

The complaint's prayer for relief seeks monetary damages in the amounts of $1,000,000 for punitive damages and $1,000,000 for compensatory damages.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction, which means "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Federal courts can have subject matter jurisdiction over a case in two ways: (1) federal question jurisdiction, where the action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or (2) diversity jurisdiction, "where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between … citizens of different States[.]" 28 U.S.C. § 1332(a).

"A party seeking to invoke this Court's diversity jurisdiction bears the burden of demonstrating that the requirements for diversity are met." *Mann v. Bales*, 2017 WL 4340108, at *3 (N.D. Ill. Sept. 29, 2017) (Coleman, J.); *see also Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A federal court must dismiss an action where there is no federal question or diversity for want of jurisdiction. *Id.* at 802.

## III.    Discussion

Defendant argues that dismissal of the complaint is warranted because this Court lacks subject matter jurisdiction over the action. This Court agrees.

First, Plaintiff has not stated any claims arising under federal law. The complaint states that jurisdiction exists "under 28 U.S.C. § 1331(a) because"—but Plaintiff fails to finish the sentence, offering no reason why the action presents a federal question. (Dkt. 1 at *2.) And although the

complaint cites to a federal statute, 42 U.S.C. § 1981(a), it makes no factual allegations relating to or implicating that statute. Indeed, 42 U.S.C. § 1981(a), which falls under the Civil Rights Act, guarantees equal rights to make and enforce contracts and initiate legal action, *inter alia*. Absent from the complaint is any factual allegation that would suggest that Plaintiff complains of discrimination, which is what 42 U.S.C. § 1981(a) protects against. Thus, no federal question exists.

The only other way Plaintiff could establish subject matter jurisdiction is through diversity jurisdiction, under which Plaintiff would need to show complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). Plaintiff does neither.

First, Plaintiff's complaint is devoid of any reference to either Defendant's citizenship or his own. Instead, Plaintiff merely alleges that Defendant is a Delaware corporation with its principal place of business in California that engages in business activities throughout the United States, including Illinois. This particular deficiency alone proves fatal, as "[t]he test for diversity jurisdiction is not the residency of the litigants, but their citizenship." *Brenner v. Greenberg*, 2008 WL 5113648, at *3 (N.D. Ill. Dec. 3, 2008) (Hibbler, J.). Without an allegation of the Defendant's citizenship, the Court cannot determine whether complete diversity exists between the parties, and thus cannot conclude that it has subject matter jurisdiction over this action. *See, e.g.*, *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658, n.1 (7th Cir. 2001) (holding that plaintiff's allegation of residency, as opposed to citizenship, is insufficient to establish diversity jurisdiction); *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (same); *Hammes v. AAMCO Transmissions*, 33 F.3d 774, 778 (7th Cir. 1994) (same); *Kallembach v. AMCORE Bank, N.A.*, 2002 WL 31018360, at *3 (N.D. Ill. Sept. 6, 2002) (Andersen, J.) (same).

Second, Plaintiff has not met its burden in demonstrating that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (When the amount in controversy is contested, "the proponent of jurisdiction … has the burden

of showing by a preponderance of the evidence facts that suggest the amount-in-controversy is met."). "A plaintiff … who asserts subject matter jurisdiction based on diversity is required to provide at least a good-faith estimate that plausibly explains how the stakes exceed the jurisdictional threshold." *Bordelais v. Bordelais*, 2021 WL 1531600, at *1 (N.D. Ill. Apr. 19, 2021) (Tharp, Jr., J.). Here, Plaintiff alleges no facts to support the $2,000,000 in punitive and compensatory damages demanded in the complaint's prayer for relief. The $3,500 that Plaintiff alleges Defendant has improperly withheld from him is far below the jurisdictional threshold, and Plaintiff has not otherwise sufficiently demonstrated that "the value of the object of the litigation" satisfies the threshold either. *See Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003). Plaintiff's demand for relief, without "competent proof," is not enough to establish satisfaction of the requisite amount in controversy. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 & n.9 (7th Cir. 2009) (jurisdictional threshold not met where plaintiffs demanded damages between $500,000 and $1,000,000 based on "theoretical possibility of recovery").

Defendant also seeks dismissal of Plaintiff's complaint for failure to state a claim, and in the alternative, seeks to compel arbitration. Having determined that subject matter jurisdiction is lacking, the Court declines to address these arguments.

IV. **Conclusion**

For the foregoing reasons, the Court grants Defendant's motion [20] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) without prejudice. The Court gives Plaintiff 30 days from the date of this Order to amend his complaint, if he so chooses.

**IT IS SO ORDERED.**

Date: 4/2/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge