UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS D. BENNETT, | ) | |
| | ) | Case No. 24 CV 03829 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| ROBINHOOD FINANCIAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 2, 2025, the Court granted Defendant's motion to dismiss Plaintiff's complaint [20] for lack of subject matter jurisdiction, with leave to amend. Two days later, Plaintiff filed an amended complaint [31] and the instant motion seeking to vacate the Court's Order [32]. For the following reasons, the Court denies Plaintiff's motion [32].

**I. Background**

*Pro se* Plaintiff Douglas D. Bennett brought this action against Defendant Robinson Financial LLC for breach of contract pursuant to 42 U.S.C. § 1981(a), gross negligence, and violation of the Illinois Unfair and Deceptive Trade Practices Act, 815 ILCS 511/10 *et seq*. The complaint alleges that Plaintiff has been a customer of Robinhood since on or about January 11, 2022. (Dkt. 1 at *3.) On January 23, 2023, an agent from Robinhood informed Plaintiff that "Robinhood no longer wanted [him] to use their platform[.]" (*Id.*) At the time, Plaintiff had $15,000 in his Robinhood account. The complaint alleges that Robinhood "paid everything out except $3500.00 which the plaintiff hasn't received a check nor payment as of today." (*Id.*)

The complaint also alleges that on April 9, 2024, Plaintiff received an "unsolicited commercial electronic text message inviting him to sign up for Defendant's online brokerage services," (*id.* at *5), and that Plaintiff received a "refer-a-friend text message while plaintiff was a Washington resident."

1

(*Id.* at *2.) In connection with these allegations, Plaintiff "brings this action … against Robinhood's illegal spam texts," seeking "an injunction to end these practices, an award [of] statutory and exemplary damages for each illegal text, and an award of attorney's fees and cost." (*Id.*) The complaint's prayer for relief seeks monetary damages in the amounts of $1,000,000 for punitive damages and $1,000,000 for compensatory damages.

In its April 2nd Order, this Court held that it lacked subject matter jurisdiction over the action because Plaintiff's complaint failed to state any claims arising under federal law or establish diversity, as required by 28 U.S.C. §§ 1331 and 1332. With respect to the existence of a federal question, this Court noted that the complaint alleged that jurisdiction existed "under 28 U.S.C. § 1331(a) because"—but that Plaintiff failed to finish the sentence, offering no reason why the action presents a federal question. This Court also recognized that the complaint cited to a federal civil rights statute, 42 U.S.C. § 1981(a), but made no factual allegations relating to or implicating that statute. Indeed, as noted in this Court's order, "[a]bsent from the complaint is any factual allegation that would suggest that Plaintiff complains of discrimination, which is what 42 U.S.C. § 1981(a) protects against."

As it relates to diversity, this Court concluded that Plaintiff fatally failed to allege both the Defendant's citizenship and his own, and furthermore had not met his burden to demonstrate that the amount in controversy exceeds the jurisdictional threshold of $75,000.

**II.      Legal Standard**

Federal Rule of Civil Procedure 60(b)(4) provides that a court may grant a party relief from a final judgment or order where "the judgment is void." Fed. R. Civ. P. 60(b)(4). "For a judgment to be void, it must suffer from a fundamental infirmity, and the list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United States SEC v. Carebourn Capital, LP*, 339 F.R.D. 510, 514 (N.D. Ill. 2021) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)) (internal quotations omitted). "Rule 60(b)(4) applies only in the

rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 270).

Under Rule 60(b)(6), courts may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This subsection is reserved for extraordinary circumstances. *O'Neal v. Reilly*, 961 F.3d 973, 975 (7th Cir. 2020); *Keen v. Merck Sharp & Dohme Corp.*, 2019 WL 1595883, at *5 (N.D. Ill. Apr. 15, 2019) (Coleman, J.). District courts have considerable discretion in denying Rule 60(b) motions. *See Fields v. City of Chicago*, 981 F.3d 534, 554 (7th Cir. 2020).

### III. Discussion

Plaintiff raises four arguments as to why the Court should vacate its April 2nd Order. The Court takes each of these arguments in turn.

First, Plaintiff argues that its complaint "explicitly invoked 28 U.S.C. § 1331 and 42 U.S.C. § 1981(a), which governs the right to make and enforce contracts free of racial discrimination." Federal question jurisdiction, however, cannot be established where a complaint's mere reference to a federal statute, wholly devoid from any factual allegations, "clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). As this Court held in its April 2nd Order, such is the case here, where Plaintiff's complaint alleged not a single fact suggesting that Plaintiff suffered racial discrimination.

Second, Plaintiff argues that the Court failed to apply a liberal standard for *pro se* litigants. Even having construed Plaintiff's complaint liberally, the Court found that it lacked subject matter jurisdiction, as Plaintiff vaguely purported to invoke a federal civil rights statute that did not form any legal theory in his complaint.

Third, Plaintiff asserts that Defendant's arbitration argument is legally insufficient and procedurally defective. Because the Court's dismissal of Plaintiff's complaint was premised not on any finding related to the arbitration agreement, but rather on jurisdictional grounds, the Court need not address this argument.

Lastly, Plaintiff argues that "structural errors warrant relief," alluding to "a confluence of errors, prejudices, and procedural shortcuts" resulting in denial of due process. Without more, the Court sees no fundamental infirmity or extraordinary circumstance here justifying relief from judgment. *See* Fed. R. Civ. P. 60(b)(4) & (6).

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for relief from judgment [32].

**IT IS SO ORDERED.**

Date: 4/10/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4