UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS D. BENNETT, </br></br>      Plaintiff, </br></br>  v. </br></br>ROBINHOOD FINANCIAL LLC, </br></br>      Defendant. | Case No. 24 CV 03829 </br></br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

After the Court's dismissal of his prior complaint for lack of subject matter jurisdiction and denial of his motion to vacate the Court's dismissal order, *pro se* Plaintiff Douglas D. Bennett ("Plaintiff") filed an amended complaint against Defendant Robinhood Financial LLC ("Defendant" or "Robinhood"). Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, compel arbitration.[1] For the following reasons, the Court grants Defendant's motion [34] with prejudice.

**I.    Background**

Plaintiff's amended complaint asserts a claim of racial discrimination under 42 U.S.C. § 1981(a), as well as state law claims of gross negligence, breach of contract, and a violation of the Illinois Unfair and Deceptive Trade Practices Act, 815 ILCS 511/10 *et seq*.

The amended complaint alleges that Plaintiff has been a customer of Robinhood since on or about January 11, 2022. (Dkt. 31 ¶ 8.) On or about January 23, 2023, Plaintiff was informed, without explanation, that his Robinhood account would be closed. (*Id.* ¶ 9.) At the time, Plaintiff had approximately $15,000 in his Robinhood account. (*Id.* ¶ 10.) Defendant released the funds to Plaintiff,

---

[1] The Court entered a briefing schedule on Defendant's motion to dismiss Plaintiff's amended complaint. The briefing schedule ordered Plaintiff to file a response to the motion to dismiss by May 29, 2025. (Dkt. 36.) Because Plaintiff failed to do so, the Court disregards Plaintiff's response brief.

1

with the exception of $3,500, which it retained. (*Id.*) Plaintiff alleges that the "unexplained termination of [his] account and selective withholding of funds constitutes a racially discriminatory abridgment of his contract rights" guaranteed under 42 U.S.C. § 1981(a), and that Plaintiff was denied "the full and equal right to enforce a financial contract on the same terms as non-Black users." (*Id.* ¶¶ 16–17.) Plaintiff also alleges that Defendant's withholding of his funds amounts to common law breach of contract and gross negligence. (*Id.* ¶¶ 22–24, 25–27.)

The amended complaint further alleges that on or about April 9, 2024, Plaintiff received an unsolicited marketing text message through Robinhood's "Refer a Friend" program inviting him to sign up for Robinhood's online brokerage services. (*Id.* ¶¶ 12, 14). Plaintiff alleges that Robinhood's transmission of that text message, without having obtained his prior consent, violates the Illinois Unfair and Deceptive Trade Practices Act, 815 ILCS 511/10 *et seq*.

Plaintiff's amended complaint requests $2 million in compensatory damages, $3 million in punitive damages, statutory damages, injunctive relief to cease Defendant's alleged unlawful text messaging practices, and appointment of trial counsel.

## II.     Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). As this Court has already explained, federal courts are courts of limited jurisdiction, which means "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Federal courts can have subject matter jurisdiction over a case in two ways: (1) federal question jurisdiction, where the action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or (2) diversity

2

jurisdiction, "where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a).

It is well-established that "[a] party seeking to invoke this Court's diversity jurisdiction bears the burden of demonstrating that the requirements for diversity are met." *Mann v. Bales*, 2017 WL 4340108, at *3 (N.D. Ill. Sept. 29, 2017) (Coleman, J.); *see also Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A federal court must dismiss an action where there is no federal question or diversity for want of jurisdiction. *Id.* at 802.

### III. Discussion

Defendant argues that dismissal of Plaintiff's complaint is warranted because this Court lacks subject matter jurisdiction over the action and fails to state a claim. This Court agrees.

Plaintiff again fails to state any claim arising under federal law. Plaintiff relies on his allegations of racial discrimination in violation of 42 U.S.C. § 1981(a) as the basis for establishing federal jurisdiction. 42 U.S.C. § 1981(a), which falls under the Civil Rights Act, guarantees equal rights to make and enforce contracts and initiate legal action, *inter alia*. The statute "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship." *Circle City Broad. I LLC v. AT&T Servs.*, 99 F.4th 378, 383 (7th Cir. 2024) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). To state a claim under 42 U.S.C. § 1981, a plaintiff must plead "that (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Off. Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

Absent from the amended complaint is any factual allegation indicating that Defendant discriminated against him. And while the amended complaint contends that Defendant "denied Plaintiff the full and equal right to enforce a financial contract on the same terms as non-Black users,"

3

(Dkt. 31 ¶ 16), nowhere does Plaintiff allege that he is a member of a racial minority group, offer any explanation of how his alleged treatment differed from that of other customers, make any reference to Defendant's intent to discriminate, or even state his own race. As a result, Plaintiff has failed to state a claim of racial discrimination and thus no federal question exists.

The Court turns to the question of whether Plaintiff has sufficiently demonstrated diversity jurisdiction to remain in federal court. Like his original complaint, Plaintiff's amended complaint is devoid of any reference to Defendant's citizenship. In its Opinion dismissing Plaintiff's original complaint, the Court determined that the complaint's reference to Defendant's place of incorporation and place of business was not enough to allege Defendant's *citizenship*, explaining:

> This particular deficiency alone proves fatal, as "[t]he test for diversity jurisdiction is not the residency of the litigants, but their citizenship." Brenner v. Greenberg, 2008 WL 5113648, at *3 (N.D. Ill. Dec. 3, 2008) (Hibbler, J.). Without an allegation of the Defendant's citizenship, the Court cannot determine whether complete diversity exists between the parties, and thus cannot conclude that it has subject matter jurisdiction over this action.

(Dkt. 30.) The same applies here as to Plaintiff's amended complaint.

Additionally, Plaintiff has again not met its burden in demonstrating that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (When the amount in controversy is contested, "the proponent of jurisdiction . . . has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy is met."). "A plaintiff . . . who asserts subject matter jurisdiction based on diversity is required to provide at least a good-faith estimate that plausibly explains how the stakes exceed the jurisdictional threshold." *Bordelais v. Bordelais*, 2021 WL 1531600, at *1 (N.D. Ill. Apr. 19, 2021) (Tharp, Jr., J.). Here, Plaintiff alleges no facts to support the $5 million in punitive and compensatory damages he demands in his prayer for relief. The $3,500 that Plaintiff alleges Defendant has improperly withheld from him is far below the jurisdictional threshold, and Plaintiff has not otherwise sufficiently demonstrated that "the value of the object of the litigation" satisfies the threshold either. *See Macken*

4

*v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003). As this Court stated in its prior Opinion, Plaintiff's demand for relief, without "competent proof," is not enough to establish satisfaction of the requisite amount in controversy. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 & n.9 (7th Cir. 2009) (jurisdictional threshold not met where plaintiffs demanded damages between $500,000 and $1 million based on "theoretical possibility of recovery").

Defendant also seeks dismissal of Plaintiff's amended complaint for failure to state a claim, and in the alternative, seeks to compel arbitration. Having determined that subject matter jurisdiction is lacking, the Court declines to address these arguments.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's amended complaint [34] for lack of subject matter jurisdiction. The Court's dismissal is with prejudice, as Plaintiff failed to cure the pleading deficiencies the Court identified in his original complaint after having been given an opportunity to amend. *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (finding that plaintiff's "failure to fix [the] shortcomings [the district court "spelled out"] provides ample grounds for dismissal").

**IT IS SO ORDERED.**

Date: 8/7/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5